Robert J. Kay and Marjorie B. Kay v. Commissioner.
Kay v. Commissioner
Docket No. 3202-69.
United States Tax Court
T.C. Memo 1970-202; 1970 Tax Ct. Memo LEXIS 162; 29 T.C.M. (CCH) 892; T.C.M. (RIA) 70202; July 16, 1970, Filed Robert E. Hunter, for the petitioners. Leo A. McLaughlin and Nicholas G. Stucky, for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined a deficiency of $927.21 in petitioners' Federal income tax for the calendar year 1967. The issues for decision are whether certain reimbursements from an employer in 1967 for expenses incurred by petitioners in connection with a transfer of their place of employment are includable in their gross income for that year, and if so, are any of said expenses *163 deductible by petitioners in 1967. All of the facts have been stipulated, and the stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Robert J. Kay ("Robert") and Marjorie B. Kay are husband and wife. On the date the petition in this case was filed they resided in Los Altos, California. They filed a Federal joint income tax return for the taxable year 1967 with the district director of internal revenue, San Francisco, California. At all times here pertinent Robert was an employee of General Electric Company ("G.E."). He remained in the employ of said company through calendar year 1968. On or about October 20, 1966, G.E. transferred Robert from Sacramento, California, to Burlingame, California. The distance from Sacramento to Burlingame is approximately 100 miles. On May 9, 1967, petitioners sold their home in Sacramento. On May 17, 1967. petitioners took title to their new home in Los Altos pursuant to a contract of sale entered into on January 13, 1967. In 1967, pursuant to company policy, G.E. reimbursed Robert for the following expenses in connection with the sale of his Sacramento home: Commission
$2,010.00
Commission
375.00
Title fee
300.00
Revenue stamps
16.50
Preparation of deed 5.00
Total
$2,706.50
*164 893 That same year G.E. also reimbursed Robert for the following amounts expended in connection with the acquisition of his new home in Los Altos: Loan fee
$400.00
Tax service
15.00
Trustee fee
10.00
Recording fees
4.00
Title insurance 62.50
Total
$491.50
Petitioners moved into their new home in Los Altos on January 30, 1967. From the time of his transfer in October 1966 to the time he began occupying his new home in Los Altos Robert lived in a motel. In 1967 G.E. reimbursed Robert for the cost of his motel lodging and his breakfast and evening meals, in the amount of $692.40. On their 1967 income tax return petitioners excluded from adjusted gross income $3,890.40, which amount represented reimbursements paid by G.E. to them for expenses incurred in connection with the transfer from Sacramento to Burlingame. This amount is broken down as follows: Reimbursement of expenses incurred in selling Sacramento home
$2,706.50
Reimbursement of expenses incurred in connection with purchasing Los Altos home
491.50
Reimbursement of motel and meal ex- pense 692.40
Total
$3,890.40
Respondent included the reimbursements described above *165 in petitioners' gross income and disallowed as a deduction any portion of these reimbursements. We think our holding in William A. Lull [Dec. 29,470], , on appeal (C.A. 9, July 21, 1969), is dispositive of the issue presented in the case at bar. [1] The following facts make the two cases indistinguishable: an employer transferred taxpayer to another location; taxpayer was reimbursed for lodging and meal expenses incurred while awaiting occupancy of his new residence; and taxpayer received additional reimbursement for expenses in connection with the sale of his former residence. We held in Lull that on these facts such reimbursements were taxable as additional compensation and were not deductible. In the instant case petitioners were more fortunate than those in Lull in that they also received reimbursement for expenses incurred in purchasing their new residence. We do not think this type of reimbursement should be treated differently from the kinds of reimbursements common to both the Lull and instant cases. Although the years involved in Lull *166 preceded the enactment of section 217, [2] relating to deductions for moving expenses for years after 1963, the decision in that case is no less applicable in the immediate case. Section 217 allows as a deduction only direct moving expenses such as transporting household goods and traveling between the former and new residences. In our case we are not concerned with these types of expenses since they are not in contest. Section 217, as amended by section 231 of the Tax Reform Act of 1969, permits as a deduction some of those expenses for which petitioners are claiming an exclusion. Unfortunately for petitioners, this amendment of the statute is effective only for taxable years beginning after December 31, 1969. Petitioners advance two arguments on their behalf. One is that their "tax home" remained at the location of their former residence until the wife and children of Robert joined him at the new site of employment. Petitioners do not refer to a statutory section in advancing this argument but do cite several old cases. Apparently, petitioners are contending that Robert's lodging *167 and meal expenses at his new site of employment constituted traveling expenses "while away from home," within the meaning of section 162(a)(2). Subsequent to those decisions cited by petitioners, it has become well established that the term "home" as used in section 162 means the vicinity of the taxpayer's principal place of employment and not where his personal residence is located, if such residence is located in a different place from his principal place of employment. [.] . In the case at bar, when Robert commenced working in Los Altos, his "home" for purposes of section 162 became situated there. Consequently, his meal and lodging expenses incurred 894 while staying at a motel in Los Altos are not deductible under section 162(a)(2). Petitioners' second argument is that the amount which G.E. reimbursed Robert with respect to sale of their former residence should be treated as part of the sale price of the residence. We have previously considered and rejected that argument. See William A. Lull, supra at 849. Decision will be entered for the *168 respondent. Footnotes
1. For another strikingly similar case, see .↩
2. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩